```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

BELINDA SUMRALL              *          CIVIL ACTION

VERSUS                       *          NO: 06-0936

KIM DESERIO, ET AL           *          SECTION: "D"(4)
```

## ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiff, Belinda Sumrall. Defendants, Kim Deserio, et al, filed a memorandum in opposition. The motion, set for expedited hearing, is before the court on briefs, without oral argument.[1] Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

## I.  Background

On January 31, 2006, Plaintiff filed her Petition in the 34th Judicial District Court in the Parish of St. Bernard, State of Louisiana, claiming that she was forced to leave her two pet dogs (Sandy Marie and Coco Lee) at her home, when she was forced to

---

[1] Defendants requested oral argument, and the court telephoned the office of Defendants' counsel twice on March 22, 2006 and once on March 23, 2006, leaving counsel voice messages that the court was attempting to set a time for oral argument. The court's messages were not returned, and thus the court ruled from the briefs.

evacuate and temporarily relocate around Houston, Texas due to Hurricane Katrina.  Plaintiff further claims that Defendants (purportedly animal rescuers) took the two dogs to Maryland, and Plaintiff, to no avail, has demanded that Defendants return the dogs to her.

In her suit (which is entitled "Verified Petition and Application for Return of Two Pet Dogs to Their Owner, Writ of Sequestration, Temporary Restraining Order, Preliminary and Permanent Injunction, and Declaratory Relief), Plaintiff demands that: Defendants return the dogs to her; a Writ of Sequestration be issued by the court commanding the return of the dogs and/or a temporary restraining order be issued directing Defendants to deliver the dogs to Plaintiff within five days of the date of the order, with sanctions in the amount of $1,000.00 per day imposed against each Defendant for each day the dogs are not returned; the issuance of a Rule to Show Cause upon completion of which the issuance of a preliminary injunction and ultimately a permanent injunction in substantially the same form as the temporary restraining order; specific performance; a declaratory judgment declaring Plaintiff to be the owner of the two dogs; costs; and any other appropriate relief.

On January 31, 2006, the state court judge issued a Temporary Restraining Order ordering, *inter alia*, Defendants to return the two dogs to Plaintiff within five days of date the Order was

issued, with sanctions imposed on each Defendant in the amount of $1,000 per day for each day Defendants fail to comply with said order, which sanctions commencing five days from the date the order was issued.

On February 3, 2006, the state court judge issued a "Corrected Temporary Restraining Order," ordering, *inter alia*, Defendants to return the two dogs to Plaintiff within five days of date the Order was served, with sanctions imposed on each Defendant in the amount of $1,000 per day for each day Defendants fail to comply with said order, which sanctions commencing five days from the date the order was served.  The "Corrected Temporary Restraining Order" is silent as to whether the sanctions are payable to the court or to Plaintiff.

On February 3, 2006, the state court judge also a issued a Rule to Show Cause, ordering Defendants to show cause on March 31, 2006, why the imposition of sanctions, if any, in the corrected temporary restraining order should not be upheld, and why a preliminary injunction should not be issued.

On February 24, 2006, Defendants removed the matter to this court claiming diversity jurisdiction.  Regarding the amount in controversy, Defendants asserted:

> The 75,000 dollar threshold amount has been met as demonstrated by the Petition for Relief filed on behalf of the plaintiff and the requests made therein and the Temporary Restraining Orders issued by the State Court Judge,... including but not limited to the

3

> Temporary Restraining Order issued on January 31, 2006 ... by the state Court Judge, (pursuant to request by plaintiff as contained in her petition), fining EACH of the defendants in the amount of $1,000.00 per day for each day that each of the defendants failed to comply with his order, which sanctions "commenced on five (5) days from the date the order was issued and facsimilied to the office of the above counsel."

(Notice of Removal, ¶5).[2]

In her Motion to Remand, Plaintiff maintains that the Defendants have not shown, because they cannot, that the amount in controversy exceeds $75,000.00.  The court agrees.

## II.  Legal Analysis

Plaintiff argues that this case involves the ownership of two mixed breed pet dogs, and Plaintiff's counsel states in the memorandum in support of the Motion to Remand that:

> To be clear, it is hereby stipulated and judicially admitted that Ms. Sumrall did not, does not, and will not seek damages, in excess of $75,000 against defendants.

(Plaintiff's Memo., p. 4).

Plaintiff also notes that:

> The notice of removal characterizes the sanctions as a surreptitious attempt by the court to award punitive damages to plaintiff. Not only are whatever sanctions that may be upheld at the hearing on the rule to show cause **not payable to plaintiff**, but also, under Louisiana law, plaintiff cannot recover punitive damages in this action for return of two pet dogs.

---

[2]  Defendants do not assert in their Removal that the value of the subject dogs satisfies the jurisdictional amount.

4

(*Id.*, p. 4, n. 2).[3]

However, Defendants assert that "it is clear that the action is not really for the return of the dogs" and at the time of removal "the claim is worth 100,00 dollars (due to sanctions imposed) and the value is rising."  (Notice Of Removal, ¶14). Defendants also argue that the amount in controversy in this case should be determined by the injury to Defendants (financial ruin) once sanctions are imposed on them.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).  To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is "the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

Here, the court finds that the "object of litigation" or "value of the right to be protected" is the return of the subject dogs (whose combined value is not alleged to exceed $75,000) to Plaintiff.  Defendants, who have the burden of establishing by a

---

[3] Defendants submit, without support, that "*it is the litigant* who will receive the funds if the sanctions were maintained." (Defendants' Opp. at p. 11).  On the other hand, Plaintiff reiterates that: "The sanctions that defendants *might* face are not payable to plaintiff.  The sanctions that defendants *might* face are payable to the court." (plaintiff's Supporting Memo. at p. 11).

preponderance of the evidence that the jurisdictional amount exists,[4] have failed to meet that burden.

Any sanctions that may be imposed on Defendants[5] are *unlike* a mandatory statutory penalty payable to plaintiff, and thus such sanctions should not be factored into the calculation of the jurisdictional amount. *Cf. St. Paul Reinsurance Co.,* 134 F.3d at 1253 (statutory damages under a provision of the Texas Insurance Code must be included in calculating amount in controversy, because the statutory exaction was not "interest" within the contemplation of §1332, but an element of damages); *Buras v. Birmingham Fire Ins. Co.,* 327 F.2d 238 (5th Cir. 1964)(penalty of 6% per annum which was mandated under a Louisiana statute for the unjustified failure to pay a life insurance claim should be included in the jurisdictional amount). Rather, the sanctions that may be imposed here are a means of enforcing the temporary restraining order, and thus they are collateral to the true object of the litigation: return of the dogs to Plaintiff.

Further, the court finds untenable Defendants' position that the amount in controversy in this case should be determined by the value of Defendants' harm (by virtue of the monetary sanctions included in the corrected Temporary Restraining Order and/or

---

[4] Plaintiff's Petition does not allege a specific amount of damages.

[5] Plaintiff maintains that the issuance of sanctions remains to be determined at the hearing on the Rule to Show Cause. (Plaintiff's Memo., pp. 9 & 10).

financial ruin) which will result if Defendants do not comply with the injunction. It is "[t]he value to the *plaintiff* of the right to be enforced or protected [which] determines the amount in controversy." *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962)(italics added). And the Fifth Circuit has consistently followed this plaintiff-viewpoint rule to determine the amount in controversy. *Garcia v. Koch Oil Co.*, 351 F.3d 636, 640 n. 4 (5th Cir. 2003).

Finally, even if it did not matter from which viewpoint the amount in controversy is viewed, the costs of whatever sanctions may be imposed on Defendants are again collateral to the true object of the litigation: return of the dogs to Plaintiff. *Garcia*, 351 F.3d at 640 (even though it did not matter from which viewpoint the amount in controversy was viewed, Defendant's costs of an equitable accounting were collateral to the true object of the litigation: payment of restitution damages to plaintiffs).

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion to Remand"** be and is hereby **GRANTED** for lack of jurisdiction, namely because the amount in controversy does not exceed $75,000;

**IT IS FURTHER ORDERED** that this matter be and is hereby **REMANDED** to the 34th Judicial District Court in the Parish of St. Bernard, State of Louisiana; and

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney

7

fees be and is hereby **DENIED**, because the court finds that the nature and circumstances of this case, as presented in the parties' briefs, do not warrant an award of attorney's fees.

New Orleans, Louisiana, this **23rd** day of **March**, **2006**.

_____
A.J. MCNAMARA
UNITED STATES DISTRICT JUDGE